UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

vs.

JOHN F. MARSHALL, Ph. D.
ALAN L. TUCKER, Ph. D., AND
MARK R. LARSON

    Defendants.

08 CV 2527 (Daniels)

---

## WAIVER OF THE SERVICE OF SUMMONS

To:    Carl A. Tibbetts
        Assistant Chief Litigation Counsel
        United States Securities and Exchange Commission
        100 F Street, N.E.
        Washington, D.C. 20549-4030

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from March 27, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: April 10, 2008

                          Robert Jossen, Esq.
                          Dechert LLP
                          30 Rockefeller Plaza
                          New York, New York 10112-2200

                          *Counsel for Alan L. Tucker*

## Duty to Avoid Unnecessary Expense
## Of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.