```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                          :
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                    Plaintiff,            :    AFFIRMATION
                                          :
          - v. -                          :    08 Civ. 2527 (GBD)
                                          :
JOHN F. MARSHALL, Ph. D.                  :
ALAN L. TUCKER, Ph. D., and               :
MARK R. LARSON,                           :
                                          :
                    Defendants.           :
------------------------------------------x

STATE OF NEW YORK           )
COUNTY OF NEW YORK          : ss.:
SOUTHERN DISTRICT OF NEW YORK )
```

GLEN G. McGORTY, pursuant to 28 U.S.C. Section 1746, hereby affirms the truth of the following under penalty of perjury:

1. I am an Assistant United States Attorney in the Office of Michael J. Garcia, United States Attorney for the Southern District of New York. In that capacity, I am the Assistant United States Attorney responsible for the prosecution of <u>United States v. John Marshal, Alan Tucker, and Mark Larson</u>, 08 Mag. 549, which involves charges of conspiracy to commit securities fraud, substantive securities fraud and aiding and abetting the same. I make this affirmation in support of the application of the United States Attorney for an Order, pursuant to pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, allowing the Government to intervene in the above-captioned action and for a stay of discovery in this action until the completion of the criminal prosecution.

2.      Specifically, criminal complaint 08 Mag. 549 (the "Criminal Complaint") charges that, from late 2006 through early 2007, John Marshall, in his capacity as Vice Chairman of the Board of Directors at the International Securities Exchange ("ISE"), Chairman of its Audit and Finance Committee, and member of its Executive Committee, received material, non-public information about a pending merger with Eurex Frankfurt AG ("Eurex"), a derivative exchange jointly operated by Deutsche Börse AG and SWX Swiss Exchange (the "Merger").  According to the Criminal Complaint, in breach of his fiduciary duties to ISE and its shareholders, Marshall provided this information to Alan Tucker and Mark Larson, who in turn engaged in a series of transactions involving ISE common stock and stock options.  After the Merger was announced on or about April 30, 2007, the price of ISE stock rose $20.97 (approximately 46 percent) from the previous day, and the defendants made a significant profit.

3.      On March 29, 2005, the SEC filed the instant Complaint (the "SEC Complaint"), which is based on conduct virtually identical to that charged in the Criminal Complaint  Among other things, therefore, the SEC Complaint alleges that the defendants engaged in securities fraud by trading ISE common stock and stock options ahead of the market based on material, non-public information, in violation of Title 15, United States Code, Sections 78j(b), and Title 17, Code of Federal Regulations, § 240.10b-5.

5.  I understand from counsel for the SEC and defense counsel that the defendants' answers are due June 13, 2008, and the next conference is scheduled for June 18, 2008.  I am further aware that a proposed scheduling order for discovery and motions deadlines is due on June 9, 2008, and that the Court will set a preliminary civil discovery schedule soon thereafter.  The Government anticipates that the defendants will request discovery of, among other things, statements made by witnesses to the SEC during the course of its investigation.

6.  Compliance with any civil discovery requests by the defendants would prejudice the pending criminal case.  For example, disclosure through civil discovery of witnesses' knowledge of the allegations in the criminal case would entirely frustrate the purposes of the Jencks Act, Title 18, United States Code, Section 3500, which governs discovery of prior statements by Government witnesses in criminal cases.  The Government is concerned that premature disclosure of its case might lead to perjury or manufactured evidence or the tailoring of defenses to fit the Government's proof. In addition, it would permit the defendants to use the civil discovery rules as a sword to obtain premature access to sensitive information pertaining to the criminal investigation. The public interest therefore requires that the requested stay, which is limited in duration, be granted in this action.

7. Intervention by the Government will not unduly delay the determination of the above-titled action or prejudice the substantial rights of any party thereto. The Government is seeking only to stay, not to prohibit, the discovery. We respectfully submit that affording civil litigants premature access to the information developed by the Government would unfairly prejudice the Government in its prosecution of the criminal case, and would be contrary to the public interest.

8. I have communicated with criminal counsel for each of the defendants. Counsel for Marshall (Larry Iason, Esq.), Tucker (Bob Jossen, Esq.), and Mark Larson (Celia Cohen, Esq.) have advised me that they do not oppose the Government's application. I have also conferred with counsel for the SEC. The SEC consents to the Government's application and motion for a stay.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 4, 2008
New York, New York

_/s/_____
GLEN G. McGORTY
Assistant United States Attorney
Telephone: (212) 637-2505