UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                         :
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
                 Plaintiff,              :
                                         :
        - v. -                           :   08 Civ. 2527 (GBD)
                                         :
JOHN F. MARSHALL, Ph. D.                 :
ALAN L. TUCKER, Ph. D., and              :
MARK R. LARSON,                          :
                                         :
                 Defendants.             :
----------------------------------------x


### GOVERNMENT'S MEMORANDUM OF LAW IN
### SUPPORT OF APPLICATION TO INTERVENE AND
### FOR A STAY OF DISCOVERY


                              MICHAEL J. GARCIA
                              United States Attorney
                              Southern District of New York
                              Attorney for the United States
                                      of America


Glen G. McGorty
Assistant U.S. Attorney
     -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :
SECURITIES AND EXCHANGE COMMISSION,     :
                                        :
                    Plaintiff,          :
                                        :
          - v. -                        :    08 Civ. 2527 (GBD)
                                        :
JOHN F. MARSHALL, Ph. D.                :
ALAN L. TUCKER, Ph. D., and             :
MARK R. LARSON,                         :
                                        :
                    Defendants.         :
----------------------------------------x

### GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION TO INTERVENE AND FOR A STAY OF DISCOVERY

#### PRELIMINARY STATEMENT

        The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its application (i) to intervene in this case, pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure, and (ii) to stay discovery until the parallel criminal case, United States v. John Marshal, Alan Tucker, and Mark Larson, 08 Mag. 549, is completed.  The Securities and Exchange Commission ("SEC") and counsel for all three named defendants in this case consent to this motion.

#### BACKGROUND

        On March 13, 2008, JOHN MARSHALL, ALAN TUCKER, and MARK LARSON (the "defendants"), were arrested pursuant to Criminal

Complaint 08 Mag. 549 (the "Criminal Complaint").  The Complaint charged the defendants with:  (1) one count of conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371; and (2) ten counts of substantive securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.  The defendants have not yet been indicted on these charges and the preliminary hearing is currently scheduled for June 13, 2008.

Specifically, the Criminal Complaint charges that, from late 2006 through early 2007, John Marshall, in his capacity as Vice Chairman of the Board of Directors at the International Securities Exchange ("ISE"), Chairman of its Audit and Finance Committee, and member of its Executive Committee, received material, non-public information about a pending merger with Eurex Frankfurt AG ("Eurex"), a derivative exchange jointly operated by Deutsche Börse AG and SWX Swiss Exchange (the "Merger"). According to the Criminal Complaint, in breach of his fiduciary duties to ISE and its shareholders, Marshall provided this information to Alan Tucker and Mark Larson, who in turn engaged in a series of transactions involving ISE common stock and stock options.  After the Merger was announced on or about April 30, 2007, the price of ISE stock rose $20.97 (approximately 46 percent) from the previous day, and the defendants made a

significant profit.

On March 13, 2008, plaintiff SEC filed the instant civil complaint (the "SEC Complaint"), which is based on conduct virtually identical to that charged in the Criminal Complaint. Among other things, therefore, the SEC Complaint alleges that the defendants engaged in securities fraud by trading ISE common stock and stock options ahead of the market based on material, non-public information, in violation of Title 15, United States Code, Sections 78j(b), and Title 17, Code of Federal Regulations, § 240.10b-5.

Compliance with civil discovery requests would severely prejudice the pending criminal case against the defendants. Disclosure through a civil discovery of the witnesses' knowledge of the allegations in the criminal cases would entirely frustrate the purposes of the Jencks Act, Title 18, United States Code, Section 3500, which governs discovery of prior statements by Government witnesses in criminal cases. The Government is concerned that premature disclosure of its case might lead to perjury or manufactured evidence or the tailoring of defenses to fit the Government's proof. In addition, it would permit the defendants to use the civil discovery rules as a sword to obtain premature access to sensitive information pertaining to the criminal investigation while shielding themselves from reciprocal discovery. The public interest therefore requires that the requested stay, which is limited in duration, be granted in this

action.

Intervention by the Government will not unduly delay the determination of the above-titled action or prejudice the substantial rights of any party thereto.  Moreover, the Government is seeking only to stay, not to prohibit, discovery.  We respectfully submit that affording civil litigants premature access to the information developed by the Government would unfairly prejudice the Government in its prosecution of the criminal case, and would be contrary to the public interest.

<u>**ARGUMENT**</u>

### I.  INTERVENTION IS APPROPRIATE<br>UNDER FEDERAL RULE OF CIVIL PROCEDURE 24

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest. . . ."  Alternatively, intervention may be permitted by the Court under Rule 24(b)(2) of the Federal Rules of Civil Procedure "when the applicant's claim or defense and the main action have a question of law or fact in common."  The Government submits that intervention is appropriate in this action under both of these provisions.

The Government has a direct and substantial interest in the subject matter of this litigation, which substantially

parallels the facts that the Government is prosecuting.
Specifically, the Government has a "discernible interest in
intervening in order to prevent discovery in a civil case from
being used to circumvent the more limited scope of discovery in
the criminal matter." SEC v. Chestman, 861 F.2d 49, 50 (2d Cir.
1988). In SEC v. Chestman, 861 F.2d 49, the Second Circuit held
that the District Court had not abused its discretion in
permitting intervention by the Government under either Rule 24(a)
or (b).

        The Government's interest in upholding the public
interest in enforcement of the criminal laws cannot be protected
adequately by the existing parties in this civil litigation. The
private parties cannot represent the Government's interests with
respect to the investigation and enforcement of federal criminal
statutes. See Bureerong v. Uvawas, 167 F.R.D. 83 (C.D.Cal. 1996)
("the Government's prosecutorial and investigative interest is not
adequately protected by any of the civil parties . . . . Clearly
neither the plaintiff or the defendants have this identical
interest.").

        As a general rule, courts "have allowed the government
to intervene in civil actions -- especially when the government
wishes to do so for the limited purpose of moving to stay
discovery." Twenty First Century Corp. v. LaBianca, 801 F. Supp.
1007 (E.D.N.Y. 1992). See SEC v. Downe, 1993 W.L. 22126 at 10
(S.D.N.Y. Jan. 26, 1993); Kaiser v. Stewart, Civ. A. 96-6643, 1997

6

WL 66186 (E.D. Pa. Feb. 6, 1997) (granting intervention); Thornhill v. Otto Candies, Inc., Civ. A. No. 94-1479, 1994 WL 382655 (E.D. La. July 19, 1994) (granting intervention under Rule 24). Further, the Third Circuit has noted that "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is ... already underway that involves common questions of law or fact." United States v. Mellon Bank, 545 F.2d 869 (3d Cir. 1976); See also Governor of the Fed'l Reserve System v. Pharaon, 140 F.R.D. 634, 638 (S.D.N.Y. 1991); First Merchants Enterprise, Inc. v.Shannon, 1989 W.L. 25214 (S.D.N.Y. Mar. 16, 1989).

Because civil discovery may, as a practical matter, impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law, the Government respectfully submits that its application to intervene should be granted.

## II.  **A STAY OF DISCOVERY IS APPROPRIATE**

The interests of justice generally weigh in favor of a stay of parallel civil proceedings, due to the variety of ways in which the civil proceeding may impede a criminal proceeding. SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980); United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is

7

ordinarily entitled to a stay of all discovery in the civil case
until disposition of the criminal matter").

    The reasons for the policy against civil discovery while
criminal proceedings are open stem directly from the differences
between civil and criminal proceedings.  As the Fifth Circuit
explained in <u>Campbell</u> v. <u>Eastland</u>, 307 F.2d 478 (5th Cir. 1962),
<u>cert. denied</u>, 371 U.S. 955 (1963),

> The very fact that there is a clear
> distinction between civil and criminal actions
> requires a government policy determination of
> priority:  which case should be tried first.
> Administrative policy gives priority to the
> public interest in law enforcement.  This
> seems so necessary and wise that a trial judge
> should give substantial weight to it in
> balancing the policy against the right of a
> civil litigant to a reasonably prompt
> determination of his civil claims or
> liabilities.

<u>Id</u>. at 487.  Indeed, the courts have repeatedly recognized the
priority that should be given to the "public interest in law
enforcement."  <u>United</u> <u>States</u> v. <u>Hugo Key & Son, Inc.</u>, 672 F. Supp.
656, 685 (D.R.I. 1987); <u>see</u> <u>also</u> <u>Driver</u> v. <u>Helms</u>, 402 F. Supp.
683, 685 (D.R.I. 1975); <u>In re Ivan F. Boesky Securities Litig.</u>,
128 F.R.D. 47, 49 (S.D.N.Y. 1989)("the <u>public interest</u> in the
criminal case is entitled to precedence over the civil
litigant")(emphasis in original).

    Furthermore, courts repeatedly have recognized that a
civil litigant should not be allowed to use civil discovery to
avoid the restrictions that would otherwise pertain in criminal
discovery to a criminal defendant.  <u>SEC</u> v. <u>Beacon Hill Asset</u>

8

Management LLC, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1
(S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of
discovery due to pending criminal investigation, "the principal
concern with respect to prejudicing the government's criminal
investigation is that its targets might abuse civil discovery to
circumvent limitations on discovery in criminal cases") (Kaplan,
J.); see, e.g., SEC v. Downe, 1993 WL 22126 at *12-13; Governor of
the Fed'l Reserve System v. Pharaon, 140 F.R.D. 634, 639 (S.D.N.Y.
1991) ("A litigant should not be allowed to make use of the
liberal discovery procedures applicable to a civil suit as a dodge
to avoid the restrictions on criminal discovery") (citations
omitted).

> It is well established that a litigant should
> not be allowed to make use of the liberal
> discovery procedures applicable to a civil
> suit to avoid the restrictions on criminal
> discovery and, thereby, obtain documents [and
> testimony] he might otherwise not be entitled
> to for use in his criminal suit.

Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 380 (D.C.
Cir. 1977); see also Campbell v. Eastland, 307 F.2d 478 (litigants
may not use civil discovery "as a dodge to avoid the restrictions
in criminal discovery").  Another court has stated:  "This abusive
tactic is an improper circumvention of the restrictions of the
criminal discovery rules.  Protection of the integrity of the
criminal justice process fully justifies this Court's taking
remedial action."  United States v. Phillips, 580 F. Supp. 517,
520 (N.D. Ill. 1984) (granting stay of discovery until conclusion

9

of criminal trial).

Rule 16 of the Federal Rules of Criminal Procedure
expressly states that it does not "authorize the discovery . . .
of statements made by government witnesses or prospective
government witnesses except as provided in 18 U.S.C. § 3500."
Fed. R. Crim. P. 16(a)(2).  Title 18, United States Code, Section
3500 provides that in criminal cases, the statements of Government
witnesses -- such as witness testimony taken by the SEC -- shall
not be "the subject of subpoena, discovery, or inspection until
said witness has testified on direct examination in the trial of
the case."

The public policy against premature disclosure of the
Government's criminal case is so strong that courts are without
power to order early production of witness statements.  See United
States v. Taylor, 802 F.2d 1108, 1117-18 (9th Cir. 1986).
Moreover, except under "exceptional circumstances" and pursuant to
court order, the criminal rules do not provide either for
depositions as a means of discovery or for any discovery of third
parties."  See In re Ahead By A Length, Inc., 78 B.R. 708, 711
(S.D.N.Y. 1987); Fed. R. Crim. P. 15 & 16.

Traditionally, the narrow scope of federal criminal
discovery, unlike the broad scope of civil discovery, has been
justified by three considerations of particular concern in a
criminal proceeding:  (1) the fear that broad disclosure of the
essentials of the prosecution's case will result in perjury and

manufactured evidence; (2) the fear that revelation of the
identity of prospective Government witnesses will create the
opportunity for intimidation of those witnesses, thereby
discouraging the giving of information to the Government; and (3)
the fear that criminal defendants will unfairly surprise the
prosecution at trial with information gained through discovery,
while the self-incrimination privilege would effectively block any
attempts by the Government to discover relevant evidence from the
defendants.  Campbell v. Eastland, 307 F.2d at 487 n.12; Nakash v.
U.S. Dep't of Justice, 708 F. Supp. 1354, 1365-66 (S.D.N.Y. 1988);
Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 381
(D.D.C. 1977).

        In recognition of these distinctions and interests,
courts have repeatedly stayed civil discovery and adjourned civil
trials where a criminal proceeding is pending, both in order to
prevent the civil discovery rules from being subverted into a
device for improperly obtaining discovery in the criminal
proceedings and to assure that the Government's ability to
prosecute the criminal case is not undermined.  This is
particularly so where, as here, the pending criminal proceeding
involves many of the same issues, evidence, and witnesses as the
civil proceeding.

        Further, considerations of judicial economy and the
public interest in efficient use of judicial resources also
militate in favor of granting a stay.  Issues common to both cases
can be resolved in the criminal proceeding, thereby simplifying
the civil action.  This, in turn, may pare down the number of

issues to be determined in the civil case.  See United States v. Mellon Bank, N.A., 545 F.2d 869, 873 (3d Cir. 1976) ("resolution of the criminal case may moot, clarify, or otherwise affect various contentions in the civil case"); Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007 (recognizing judicial economy as a factor to be considered); Brock v. Tolkow, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) (noting that resolution of criminal case "might reduce scope of discovery in the civil case and otherwise simplify the issues").

> There is an unnamed party in every lawsuit --
> the public.  Public resources are squandered
> if judicial proceedings are allowed to
> proliferate beyond reasonable bounds.  The
> public's right to a 'just, speedy, inexpensive
> determination of every action'... is
> infringed, if a court allows a case. . . to
> preempt more than its reasonable share of the
> Court's time.

United States v. Reaves, 636 F. Supp. 1575, 1578 (E.D.Ky. 1986) (citations omitted).

The Government will suffer irreparable prejudice if the civil defendants are permitted to obtain civil discovery prior to the conclusion of the criminal proceeding.  It would be exceedingly unfair to permit the defense to reap the fruits of the Government's extensive and carefully planned investigation to obtain discovery that may jeopardize the prosecution--and to which the defense is not now entitled under the applicable federal rules and statutes.  Furthermore, premature disclosure of witnesses' testimony may provide the defense with the means to perjure themselves or manufacture evidence or tailor defenses to fit the Government's proof.  The ongoing criminal proceeding must be

permitted to proceed unimpaired by premature disclosure of discovery the defense would not be entitled to in the pending criminal case, which may have bearing on the Government's ability to work with Government witnesses and prosecute other individuals. The public interest in enforcement of the criminal laws outweighs the civil defendants' desire to proceed with discovery in a particular sequence.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court grant its application to intervene and to stay discovery pending completion of the criminal case.

Dated:     New York, New York
           June 4, 2008

                          Respectfully submitted,

                          MICHAEL J. GARCIA
                          United States Attorney


                   By: __/s/_____
                          Glen G. McGorty
                          Assistant United States Attorney
                          (212) 637-2505